IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN MARIE KLINE,

    Plaintiff,

-vs-                                              No. CV 02-0758 LH/WDS

ST. VINCENT HOSPITAL, JENNIFER ZISKA-
DAVIES, M.D., LUCIA CIES, M.D., AND THE
UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 3), filed July 1, 2002, and Plaintiff's Motion to Remand for Lack of Federal Jurisdiction (Docket No. 24), filed July 29, 2002. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that the United States Motion is well taken and will be **granted** and that Plaintiff's Motion is well taken in part and this matter will be **remanded** to state court.

Plaintiff, proceeding *pro se*, filed her Complaint for Negligence, [sic] and Damages against Defendants St. Vincent Hospital and Drs. Ziska-Davies and Cies on December 7, 2001, in the First Judicial District Court, Santa Fe, New Mexico, claiming negligence for failure to diagnose her pernicious anemia during her treatment at the Hospital on May 25, 1997. On April 22, 2002, apparently without consent of the parties or leave of the state court, Plaintiff filed her Amended Complaint for Negligence, Personal Injury, Medical Malpractice, Lost Chance, Fraudulent

Concealment, and Damages, naming La Familia Medical and Dental Center, Pamela Weisse, C.F.N.P., and Karin Thron, M.D., as additional defendants, and charging that from 1997 until December 24, 1998, they also wrongfully failed to diagnose her pernicious anemia. Plaintiff filed her Corrections to Amended Complaint for Negligence, Personal Injury, Medical Malpractice, Lost Chance, Fraudulent Concealment, and Damages on May 6, 2002.

On June 27, 2002, the United States of America, acting on behalf of La Familia Medical and Dental Center, Weisse, and Thron, removed this action to federal court. The United States concurrently filed its Notice of Substitution of the United States of America as Defendant in Lieu of Defendants La Familia Medical and Dental Center, Karen Thron, M.D., and Pamela Weisse, C.F.N.P., (Docket No. 2), pursuant to 28 U.S.C. § 2679, which provides in relevant part:

> Upon certification . . . that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . at any time before trial . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). The Secretary of Health and Human Services has deemed these Defendants to be Public Health Service employees under 42 U.S.C. § 233. The United States now moves to dismiss for lack of subject matter jurisdiction and Plaintiff moves for remand.

Although the United States has waived its immunity to suit under the Federal Tort Claims Act (FTCA), its waiver is conditioned upon exhaustion by a plaintiff of certain administrative remedies:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first

>  presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Additionally, 28 U.S.C. § 2401 provides in part:

>  A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The United States argues that it must be dismissed from this action because Plaintiff failed to file a claim with the Department of Health and Human Services until June 11, 2001, thus making her suit against the United States premature and, therefore, barred for lack of jurisdiction. The Court agrees.

Although *pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court should not "assume the role of advocate." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). As the parties acknowledge, the Supreme Court has held in a case involving a very similar fact pattern and also initially brought by a *pro se* plaintiff, that "[t]he FTCA bars claimants from bring suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Thus, an action may not be maintained under the FTCA "when the claimant failed to exhaust h[er] administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." *See id.* at 107. Therefore, as the Court lacks jurisdiction over the federal claims, the United States must be dismissed. This result would be the same even if the Court were to accept Plaintiff's contention that her claims against La Familia Medical and Dental Center, Weisse, and Dr.

3

Thron are for "misrepresentations," which are explicitly excepted from the FTCA. *See* 28 U.S.C. § 2680(h). As the court held in *Gollehon Farming v. United States*, "[w]hen a claim falls within an exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case." 17 F. Supp. 2d 1145, 1151 (D. Mont. 1998), *aff'd*, 207 F.3d 1373 (9th Cir. 2000).

With dismissal of the United States, upon whose presence federal jurisdiction and removal from state court were based, the Court will exercise its discretion to decline to retain supplemental jurisdiction over the remaining state law claims and remand this case to state court. *See* 28 U.S.C. §§ 1367(c)(3); 1447(c). Thus, Plaintiff's Motion to Remand for Lack of Federal Jurisdiction will be granted to the extent it requests that this matter be remanded to state court. And finally, although not addressed by the parties, this matter would also have to be remanded for lack of subject matter jurisdiction if Plaintiff's Amended Complaint is improperly before this Court, as there is no basis for federal jurisdiction under her original Complaint.

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 3), filed July 1, 2002, is **GRANTED**.

**IT IS FURTHER ORDERED** and Plaintiff's Motion to Remand for Lack of Federal Jurisdiction (Docket No. 24), filed July 29, 2002, that is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the First Judicial District Court, Santa Fe, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**