IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN MARIE KLINE,

      Plaintiff,

  -vs-                                       No. CV 02-0758 LH/WDS

ST. VINCENT HOSPITAL, JENNIFER ZISKA-
DAVIES, M.D., LUCIA CIES, M.D., AND THE UNITED
STATES OF AMERICA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of Order Dated March 28, 2003 (Docket No. 93), filed March 31, 2003; the United States' Motion to Correct Clerical Order [sic] Pursuant to Fed. R. Civ. P. 60(a) (Docket No. 97), filed April 14, 2003; and the United States' Motion to Strike Plaintiff's Addendum to Plaintiff's Motion for Reconsideration of Order Dated March 28, 2003 (Docket No. 100), filed April 14, 2003. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that Plaintiff's Motion is not well taken and will be **denied**, the United States' Motions are well taken and will be **granted**.

In its Order entered March 28, 2003, the Court held that it lacked subject matter jurisdiction over Plaintiff's federal claims because she had not exhausted her administrative remedies under the

Federal Tort Claims Act. The Court then dismissed the United States, declined to exercise supplemental jurisdiction, and remanded the case to state court.

Plaintiff, *pro se*, asserting that she misconceived the status of her amended complaint and Defendant Jennifer Ziska-Davies, M.D., when she previously asked the Court to remand this matter, (*see* Mot. Remand Lack Federal Jurisdiction (Docket No. 24), filed July 29, 2002), that she did not know that La Familia Medical and Dental Center was a federal clinic, and that she suffers from cognitive dysfunction which will prejudice her ability to prosecute her case in state court, asks the Court to reconsider this ruling. (Mot. Recons.). She also asks the Court to "consider whether or not a notice that a facility is federal and governed by the Federal Tort Claims Act is a requirement preceding the requirement to file tort claim notice," (Memo. Supp. Mot. Recons. at 4), and states that she "thought [a letter she wrote to the La Familia doctors on December 24 and 25, 1998] took care of any kind of tort claim notice requirement," (Mot. Remand Lack Federal Jurisdiction at 2). Throughout, she entreats the Court to exercise supplemental jurisdiction over her state law claims.

The United States opposes Plaintiff's Motion and moves to strike Plaintiff's Addendum to Motion for Reconsideration of Order Dated March 28, 2003, filed April 28, 2003, as unauthorized by the Local Civil Rules of the United States District Court for the District of New Mexico. The United States also moves to correct a clerical error in the Court's Order entered March 28, 2003. The error appears on page 3, where the Court stated: "The United States argues that it must be dismissed from this action because Plaintiff failed to file a claim with the Department of Health and Human Services until June 11, 2001, thus making her suit against the United States premature and, therefore, barred for lack of jurisdiction." The United States notes that the correct date should be June 11, 2002. Plaintiff has not responded to either Motion.

Although *pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court should not "assume the role of advocate." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, the Rules allow a party subject to an adverse judgment to file either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from the judgment or order under Rule 60(b). *Id.* If the motion is served within ten days of the entry of judgment, as is the case here, it is construed pursuant to Rule 59(e). *See id.* Grounds warranting such a motion include:

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).

Plaintiff has shown no change in controlling law, offered no new evidence that was previously unavailable to her, and identified no clear error or injustice regarding the Court's previous rulings on the United States' Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff's Motion to Remand for Lack of Federal Jurisdiction and its remand of this matter to state court. The Court was under no misapprehension as to the facts, Plaintiff's position, or the controlling law. It was clear then, as it is now, that the United States properly substituted itself for Defendants La Familia Medical and Dental Center, Karen Thron, M.D., and Pamela Weisse, C.F.N.P., that Plaintiff did not exhaust her administrative remedies under the Federal Tort Claims Act prior to filing suit, and

3

that the United States must be dismissed because the Court lacked subject matter jurisdiction over the federal claims.  Additionally, the Court affirms its decision to decline to retain supplemental jurisdiction over the remaining state law claims.  Therefore, the Court will deny Plaintiff's Motion for Reconsideration of Order Dated March 28, 2003.

Pursuant to the Local Rules for the District of New Mexico, "[a] reply must be served within fourteen (14) calendar days after service of the response," the time period "may be extended by agreement of all parties," and a party seeking an opposed extension of time "must file a separate motion within the applicable 14-day period." D.N.M.LR-Civ.7.6(a).  Additionally, "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ.7.6(b). Furthermore,

> The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.  The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.

D.N.M.LR-Civ.7.1(b).

Plaintiff filed her Addendum to Motion for Reconsideration of Order Dated March 28, 2003, on April 28, 2003, more than fourteen days after the United States filed its Response to her Motion. Therefore, if the Court were to treat it as a reply brief, it was untimely; if it is treated as a surreply, it was filed without leave of the Court.  Thus, the United States' Motion to Strike Plaintiff's Addendum to Plaintiff's Motion for Reconsideration of Order Dated March 28, 2003, is well taken and shall be granted.  The Court notes that Plaintiff's failure to respond to the Motion also constitutes consent to grant the Motion under the Local Rules.  In any event, even if the Court were to consider the Addendum in deciding the Motion to Reconsider, it would not change the outcome.

Plaintiff also failed to respond to the United States' Motion to Correct Clerical Order [sic] Pursuant to Fed. R. Civ. P. 60(a). Pursuant to the Federal Rules of Civil Procedure, "[c]lerical mistakes in . . . orders . . . may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." FED. R. CIV. P. 60(a). Having reviewed the Motion and the record in this matter, the Court finds the United States' Motion well taken, and it will be granted.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Order Dated March 28, 2003 (Docket No. 93), filed March 31, 2003, is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion to Correct Clerical Order [sic] Pursuant to Fed. R. Civ. P. 60(a) (Docket No. 97), filed April 14, 2003 is **GRANTED**. The Court's Memorandum Opinion and Order (Docket No. 90), filed March 28, 2003, is **ORDERED CORRECTED BY INTERLINEATION TO READ** at page 3: "The United States argues that it must be dismissed from this action because Plaintiff failed to file a claim with the Department of Health and Human Services until June 11, 2002, thus making her suit against the United States premature and, therefore, barred for lack of jurisdiction."

**IT IS FURTHER ORDERED** that the United States' Motion to Strike Plaintiff's Addendum to Plaintiff's Motion for Reconsideration of Order Dated March 28, 2003 (Docket No. 100), filed April 14, 2003, is **GRANTED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**